MEL:EMR
F. #2018R01374

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 646-404-3164, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER 310260936923138 | Case No. __19-MC-2833<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, PATRICK JOCHUM, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 646-404-3164, with International Mobile Subscriber Identity Number 310260936923138, and subscribed to Arcelia Hernandez at 2614 18th Street Apt. C3, Astoria, New York (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at Bellevue, Washington. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4),

the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  See 18 U.S.C. § 3123(b)(1).

3.  I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") (the "Investigating Agency") and have been since 2016.  As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized to request a search warrant.  I am currently assigned to HSI's New York Office and, more specifically, to a squad that investigates human trafficking and alien smuggling matters].

4.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that Arcelia Hernandez-Velazquez has committed the following offenses, racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c), 1962(d) and 1963, sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c), alien smuggling conspiracy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), interstate prostitution conspiracy, in violation of 18 U.S.C. § 371, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and distribution of prostitution proceeds, in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(b)(1) (the "Subject Offenses").  Hernandez-Velazquez was

charged with these crimes on October 8, 2019 and is the subject of an arrest warrant issued on that same date. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Hernandez-Velazquez, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. In May 2018, law enforcement officers initiated an investigation into a sex trafficking organization that is operated by members of the Hernandez-Velazquez family, including Arcelia Hernandez-Velazquez (the "Hernandez-Velazquez sex trafficking organization"). Based upon information gathered during this investigation, there is probable cause to conclude that Arcelia Hernandez-Velazquez is a member of or associated with the Hernandez-Velazquez sex trafficking organization. On October 8, 2019, a grand jury in the Eastern District of New York returned an indictment charging Arcelia Hernandez-Velazquez, among others, with racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c), 1962(d) and 1963, sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c), alien smuggling conspiracy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), interstate prostitution conspiracy, in violation of 18 U.S.C. § 371, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and distribution of prostitution

3

proceeds, in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(b)(1).  <u>United States v. Hernandez-Velazquez</u>, 19-CR-306 (S-1) (WFK).  That same day, the Honorable Peggy Kuo, United States Magistrate Judge, issued a warrant for the arrest of Arcelia Hernandez-Velazquez.

8. The Target Cell phone is subscribed to Arcelia Hernandez and the address provided on the account is 2614 18th Street Apt. C3, Astoria, New York.  In addition, records obtained from Western Union show that on multiple occasions, dating back to April 1, 2015, Arcelia Hernandez-Velazquez wired money to individuals in Mexico, including her mother, providing her own name and the Target Cell Phone.  Records obtained from T-Mobile, which provided call detail records through October 23, 2019, show that the Target Cell Phone was used as recently as October 23, 2019.

9. Based on the foregoing, there is probable cause to believe that the Target Cell Phone is being used by Arcelia Hernandez-Velazquez.  There is further probable cause to conclude that the location information will lead to the location of Arcelia Hernandez-Velazquez for whom there is an active arrest warrant and will facilitate her arrest.

10. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself,

either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11.  Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

12.  Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference

with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

16.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

17.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
PATRICK JOCHUM
Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn to before me on October 31 , 2019

/s/Ramon E. Reyes, Jr.
_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 646-404-3164, with International Mobile Subscriber Identity Number 310260936923138, and subscribed to Arcelia Hernandez at 2614 18th Street Apt. C3, Astoria, New York (the "Target Cell Phone"), **(**the "Target Cell Phone"), whose wireless service provider is T-Mobile, a wireless telephone service provider headquartered in Bellevue, Washington.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

## Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government.  In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Arcelia Hernandez-Velazquez, who was charged with violating racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c), 1962(d) and 1963, sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c), alien smuggling conspiracy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), interstate prostitution conspiracy, in violation of 18 U.S.C. § 371, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and distribution of prostitution proceeds, in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(b)(1) on October 8, 2019, is the subject of an arrest warrant issued on , and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.